IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COYOTE LOGISTICS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:25-cv-03420 |
| v. ) | |
| ) | Magistrate Judge Jeannice W. Appenteng |
| MATT GENERAL ) | |
| TRANSPORTATION, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Coyote Logistics, LLC filed suit against defendant Matt General Transportation, LLC, seeking to recover for losses sustained when a shipment of displays arrived at its destination in damaged condition. Plaintiff alleges that defendant is liable for the damaged cargo either pursuant to the Carmack Amendment, 49 U.S.C. § 14706 (Count I), or based on a theory of breach of an indemnification agreement (Count II). Defendant moved to dismiss the lawsuit in its entirety, arguing that plaintiff cannot state any claims for relief under Rule 12(b)(6) and that plaintiff has failed to join necessary parties under Rule 12(b)(7). Dkt. 19. The case is before this Court by consent of the parties pursuant to 28 U.S.C. § 636(c). For the reasons below, defendant's motion to dismiss is denied.

**FACTUAL BACKGROUND**

Plaintiff alleges the following in its complaint. Profitmaster Displays, Inc. ("Profitmaster") hired plaintiff, a freight broker, to transport a load of endcaps for supermarket displays from High Point, North Carolina to Dayton, Ohio. Dkt. 1 ¶¶

1, 5. On February 28, 2024, plaintiff tendered the load to defendant, a transportation service provider, in good order and condition pursuant to a Broker-Carrier Agreement. Dkt. 1 ¶¶ 2, 5, 6; Dkt. 1-1. During transit, the cargo was damaged because defendant's truck was involved in a motor vehicle accident. *Id.* ¶¶ 7, 8. Plaintiff incurred $46,990 in towing expenses and also paid Profitmaster the full $31,294.40 value of the cargo in exchange for an assignment of rights. *Id.* ¶¶ 9-11. Plaintiff now seeks to recover $78,254.40 from defendant plus fees, costs, and interest. *Id.* ¶¶ 18, 23.

## DISCUSSION

### I. Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face.'" *Orr v. Shicker*, 147 F.4th 734, 740 (7th Cir. 2025) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Facial plausibility exists 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In applying this standard, the Court "accept[s] all well-pleaded facts as true and draw[s] all reasonable inferences in favor of the plaintiff." *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023). The Court need not, however, "accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009).

## A. Count I - Carmack Amendment

Congress enacted the Carmack Amendment to create "a nationally uniform rule of carrier liability concerning interstate shipments," *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008), and "relieve shippers of the burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods." *S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R. Co.*, 695 F.2d 253, 256 (7th Cir. 1982). Under the Amendment, carriers are liable for "the 'actual loss or injury to the property damaged'" during interstate shipment. *Brunner v. Beltmann Group Inc.*, No. 19 CV 3396, 2020 WL 635905, at *4 (N.D. Ill. Feb. 11, 2020) (quoting 49 U.S.C. § 14706(a)(1)). In addition, the carrier that issued the bill of lading for the goods is "entitled to recover from the carrier over whose line or route the loss or injury occurred." 49 U.S.C. § 14706(b). To state a claim under the Carmack Amendment, plaintiff must allege: "(1) delivery [to the carrier] in good condition; (2) arrival in damaged condition; and (3) the amount of damages." *Scheuer v. Rado Express Logistics, Inc.*, 728 F. Supp. 3d 854, 866 (N.D. Ill. 2024) (quoting *REI Transp.*, 519 F.3d at 699).

Here, the complaint alleges that plaintiff delivered the displays to defendant in good condition with an appropriate bill of lading, that the displays arrived in damaged condition because defendant's truck was involved in a motor vehicle accident, and that plaintiff suffered $78,254.40 in damages. Dkt. 1 ¶¶ 5-11. On their face, these allegations suffice to state a claim under the Carmack Amendment.

3

Defendant disagrees, arguing that an intervening event occurred that insulates the company from liability. According to defendant's owner, Kedawi H. Nugusse, the motor vehicle accident in question caused damage to its tractor but not the attached trailer where the displays were stowed. Dkt. 19-1 at 12, K. Nugusse Aff., ¶ 5. Plaintiff arranged for the tractor-trailer to be towed to Ron's Garage and Bob's Service Center ("Service Center") in Jackson Township, Ohio, and then brokered a deal with a new (unidentified) motor carrier to complete the delivery to Dayton. *Id.* at 12, Nugusse Aff. ¶¶ 6, 7; Dkt. 19 at 5. Defendant argues that plaintiff's claim fails because the company "has not put forth any evidence to show that the shipment was damaged after the accident" as opposed to during the subsequent tow to the Service Center, during transfer to the new motor carrier, or en route from Jackson Township to Dayton. Dkt. 19 at 6; Dkt. 28 at 2-3. Defendant further maintains that since it did not deliver the displays to their final destination, it cannot be responsible for delivering the cargo "in a damaged condition." Dkt. 28 at 2.

    Though neither party mentions it, defendant's argument rests entirely on materials that are outside the pleadings, including photographs of defendant's tractor-trailer, an affidavit from defendant's owner, and an invoice from the Service Center that repaired defendant's tractor. Dkt. 19-1. Yet "[a] motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Wertymer v. Walmart, Inc.*, 142

4

F.4th 491, 498 (7th Cir. 2025) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). At best, defendant has identified factual questions about when and how the displays were damaged and whether another carrier besides defendant may be liable for the loss. These issues must be resolved through discovery and at the summary judgment stage or trial. *See, e.g., Allied Tube & Conduit Corp. v. Southern Pacific Transp. Co.*, 211 F.3d 367 (7th Cir. 2000) (affirming district judge's ruling following bench trial that testimony and documentary evidence supported plaintiff's claim for damages under the Carmack Amendment). Accordingly, the Court declines to convert the motion to dismiss into a motion for summary judgment or to consider the extraneous materials. *See Moore v. Martin*, No. 89 CV 7473, 1990 WL 71029, at *1 (N.D. Ill. May 8, 1990) (the Court has discretion whether to consider extraneous documents to a motion to dismiss and often rejects such evidence if it is not "substantial or comprehensive enough to facilitate disposition of the action."). For all these reasons, defendant's motion to dismiss Count I is denied.

    B.    **Count II - Indemnification**

Count II, pled in the alternative, alleges that defendant is liable for breach of the indemnification provision in the parties' Broker-Carrier Agreement. Under that provision, defendant agreed to "defend, indemnify, and hold harmless BROKER [plaintiff] . . . from and against any and all claims, liabilities, damages, demands [and] expenses . . . arising out of or in connection with (i) the operations and activities of CARRIER [defendant], (ii) CARRIER's performance of Services

pursuant to this Agreement; [and] (iii) any breach of CARRIER's obligations under this Agreement . . ." Dkt. 1-1 at 15 ¶ 12.[1]

In its opening brief, defendant reiterates the argument that dismissal is appropriate based on plaintiff's purported failure to properly allege that "it was Defendant's actions that caused the damage." Dkt. 19 at 7. But defendant points to no authority requiring such a showing to state an indemnification claim. "An indemnity provision is subject to the same rules of interpretation as any other contract under Illinois law." *First Am. Bank as Trustee under agreement dated August 19, 2009 v. Northhampton Group Ltd.*, No. 23 CV 1168, 2024 WL 1302788, at *3 (N.D. Ill. Mar. 27, 2024). Here, plaintiff alleges that it entered into the Broker-Carrier Agreement with defendant to transport a load of displays to Ohio, that it performed all conditions precedent under the Agreement, that defendant has a duty to defend and indemnify plaintiff against all claims and losses, and that defendant breached that duty. Dkt. 1 ¶¶ 20-24. Plaintiff argues these allegations suffice to state a claim for relief at the pleading stage. Dkt. 26 at 8-9. The Court agrees. Further, defendant's reply brief offers no response to plaintiff's arguments against dismissal, thereby conceding the issue. *See, e.g., In re LaMont*, 740 F.3d 397, 410 (7th Cir. 2014) (failure to respond to an argument raised in response brief results in waiver). The motion to dismiss Count II is denied.

---

[1] Unlike the photos and Nugusse affidavit, the Broker-Carrier Agreement is "critical to the complaint and referred to in it," and therefore is properly considered by the Court at this stage. *Wertymer*, 142 F.4th at 498.

## II. Motion to Dismiss Under Rule 12(b)(7)

Defendant argues that the case must be dismissed pursuant to Rule 12(b)(7) because plaintiff has not joined two necessary parties: (1) the Service Center, and (2) the unnamed motor carrier that transported the displays from the tow yard to the final destination in Dayton, Ohio. Dkt. 19 at 7. Defendant argues that "[e]ach of those entities could have caused damage to the shipment and would be liable," and failure to join them "would prejudice Defendant." *Id*.

"A motion under Rule 12(b)(7) seeks dismissal based on the failure to join 'a necessary and indispensable party' as required by Rule 19." *Holmes v. Am. Postal Workers Union Chicago Local 1, AFL-CIO*, No. 23 CV 1351, 2024 WL 6891442, at *4 (N.D. Ill. Aug. 30, 2024). "The purpose of Rule 19 is to 'permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources.'" *Equal Employment Opportunity Comm'n v. Sunnybrook Educ. Ass'n, IEA-NEA*, 712 F. Supp. 3d 1093, 1097 (N.D. Ill. 2024) (quoting *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 634 (7th Cir. 2009)). In deciding whether to dismiss a case for failure to join a necessary party, the Court follows a two-step analysis. *Id*. The threshold inquiry is whether the party is necessary as defined in Rule 19(a)(1), meaning:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a

7

>substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). An absent but necessary party must be joined under Rule 19(a)(2).

"[I]f the court determines that a party meets the criteria of Rule 19(a)(1)(A) and (B), but the party cannot be joined (usually because joinder would destroy complete diversity or the court lacks personal jurisdiction over it)," *Sunnybrook Educ. Ass'n*, 712 F. Supp. 3d at 1097, then the Court must decide whether the party is "indispensable" under Rule 19(b), meaning that "in equity and good conscience" the action should not proceed without it. *Bartels v. Partnerships and Unincorporated Ass'ns Identified on Sch. "A,"* No. 23 CV 3755, 2024 WL 1363579, at *5 (N.D. Ill. Mar. 29, 2024). As the movant, defendant bears the burden of demonstrating that a party is necessary and indispensable. *Holmes*, 2024 WL 6891442, at *4.

Defendant offers no explanation for why the Court would be unable to afford complete relief to the existing parties without adding the Service Center and the unnamed motor carrier to the case. Significantly, the only signatories to the Broker-Carrier Agreement that forms the basis of this lawsuit are plaintiff and defendant. Defendant likewise fails to articulate how proceeding without the Service Center and the unnamed motor carrier as parties would leave defendant at substantial risk of incurring double or inconsistent obligations. Defendant's mere speculation that those two entities "could have caused damage to the shipment" is insufficient to deem them "necessary" parties. Dkt. 19 at 7.

8

Moreover, even if the Service Center and unnamed motor carrier were necessary parties, dismissal would only be appropriate if defendant also established that joinder is not possible and the parties are indispensable to the case under Rule 19(b). *Bartels*, 2024 WL 1363579, at *5. Defendant makes no effort to establish such a showing in its opening or reply briefs. Accordingly, the motion to dismiss for failure to join necessary parties is denied.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss [19] is denied.

**So Ordered.**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

**Date: 1/9/2026**